# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATE OF AMERICA,**

        **Plaintiff,**

-vs-                                                              **Case No. 6:08-cv-1725-Orl-31DAB**

**JOHN T. HINES,**

        **Defendant.**

_____/

## ORDER

This matter comes before the Court on the Motion to Dismiss for Lack of Jurisdiction (Doc. 44) filed by the Defendant, John T. Hines ("Hines"), and the Motion to Stay Case Pending Appeal (Doc. 47) filed by the Plaintiff, the United States of America. The United States Court of Appeals for the Eleventh Circuit dismissed Hines' appeal on December 12, 2008, rendering the government's motion moot.

Hines' motion consists of nothing more than tax protester hokum. In short, his argument is that the federal income tax is unconstitutional, and that the Sixteenth Amendment does not render such a tax constitutional. In support, Hines quotes from numerous judicial opinions which state that the Sixteenth Amendment did not extend the taxing power of the federal government to new subjects. *See*, *e.g.*, *Eisner v. Macomber*, 252 U.S. 189, 206, 40 S.Ct. 189, 193, 64 L.Ed. 521 (1920). Though these are true statements of the law, they do not help Hines.

Pursuant to Article I, Section 8 of the Constitution, Congress has always possessed the *power* to lay and collect taxes on income. *See*, *e.g.*, *Brushaber v. Union Pac. R. Co.*, 240 U.S. 1,

12, 36 S.Ct. 236, 239, 60 L.Ed. 493 (1916) (stating that the taxing power set forth in Article I, Section 8 is "exhaustive and embraces every conceivable power of taxation."). However, Article I, Section 2 of the Constitution requires that any *direct* taxes imposed by Congress must be apportioned amongst the states. In *Pollock v. Farmers' Loan & Trust Co.*, 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108 (1895), the Supreme Court held that a tax on income from real or personal property was a direct tax rather than an indirect tax. As a result, the Income Tax Act of 1894, which imposed the tax, was held to be unconstitutional because it did not require apportionment.

The Sixteenth Amendment, ratified in 1913, provides that Congress "shall have power to lay and collect taxes on incomes, from whatever source derived, *without apportionment* among the several States, and without regard to any census or enumeration." The Sixteenth Amendment countered the result in *Pollock*, eliminating any apportionment requirement for *all* income taxes. *Lonsdale v. C.I.R.*, 661 F.2d 71, 72 (5th Cir. 1981). But Congress already possessed the power to tax incomes, so the Sixteenth Amendment did not extend the taxing authority to a new subject.

Hines' additional arguments – that this Court lacks jurisdiction and that the government has committed fraud – are transparently frivolous and do not merit discussion. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss for Lack of Jurisdiction (Doc. 44) is **DENIED**. And it is further

**ORDERED** that the Motion to Stay Case Pending Appeal (Doc. 47) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 16, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party